UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN SNODGRASS,

    Petitioner,

             v.                          Civil No. 12-cv-50-JPG

UNITED STATES OF AMERICA,         Criminal No 09-cr-30039-JPG

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Steven Snodgrass's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   On February 23, 2010, the petitioner was found guilty of one count of knowingly attempting to receive child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) and two counts of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).   The Court sentenced the petitioner to serve 360 months in prison – 240 months on the attempted receipt charge followed by 120 months on the possession charges.   The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on February 18, 2011, affirmed the Court's judgment.   Snodgrass did not file a petition for a writ of *certiorari* with the United States Supreme Court.

In his § 2255 motion, the petitioner raises the following claims:

1.      a.      Double Jeopardy Clause violation for multiple convictions and punishments for a single offense (the two possession charges), *see U.S. v. Polouizzi*, 564 F.3d 142, 154-56 (2d Cir. 2009);

           b.      Ineffective assistance of counsel for failing to make the foregoing double jeopardy argument at the trial and appellate level;

2.      Ineffective assistance of counsel for:

           a.      Filing late objections and failing to object because a presentence investigation report ("PSR") addendum was filed fewer than seven days before sentencing in violation of Federal Rule of Criminal Procedure 32(g);

b.  Failing to object to the PSR with an effective argument;

c.  Failing to object at sentencing to hearsay evidence not subject to cross-examination in violation of the Confrontation Clause;

d.  Failing to object at sentencing to incomplete and unrelated evidence that should not have counted toward relevant conduct;

e.  Failing to present evidence at sentencing to challenge the credibility of witnesses giving statements in the PSR;

f.  Failing to hire an expert psychological forensic examiner to ask questions at sentencing; and

g.  Failing to object to statements at sentencing from a non-victim;

3.  a.  Due Process violation for the Government's failure to abide by its normal investigative procedures; and

b.  Ineffective assistance of counsel for failing to make the foregoing due process argument at the trial and appellate level

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Ground 2.

In Ground 2, Snodgrass asserts he received ineffective assistance of counsel in violation of the Sixth Amendment.   The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."   U.S. Const. amend. VI.   This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984);   *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011);   *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009);   *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

2

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.   *Wyatt*, 574 F.3d at 458.   The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.   *Id.*   The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Strickland*, 466 U.S. at 689;   *accord Wyatt*, 574 F.3d at 458.   Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record.   *Strickland*, 466 U.S. at 689.   The Court cannot become a "Monday morning quarterback."   *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915;   *Fountain*, 211 F.3d at 434;   *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).   "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome."   *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

Snodgrass's claims for ineffective assistance of counsel focus on the sentencing hearing. At that hearing, the Court found, among other things, that Snodgrass was subject to a 5-point offense level enhancement under United States Sentencing Guidelines Manual ("U.S.S.G.") § 2G2.2(b)(5) because he "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."   In reaching this conclusion and over Snodgrass's objection, the Court considered information in the PSR from interviews with Snodgrass's ex-wife Jackie Snodgrass, Snodgrass's niece Marisue Rouse, three minor victims of his sexual abuse, and Snodgrass's sister

3

Sue Anderson, all of whom told about being abused or witnessing abuse by Snodgrass (¶¶ 18-23).
The Court also saw parts of two videotapes of interviews with two of the three aforementioned
minor abuse victims (Exhibits 1 and 2).

Not in connection with relevant conduct, the Court also saw parts of a videotape Snodgrass
made of a minor female at a swimming pool where the camera focused on the girl's genital area
and of two minor females sitting at a computer (Exhibit 3).   Over Snodgrass's objection, it also
considered other information regarding Snodgrass's contact with girls that was not illegal (¶¶
44-47).

Exhibits 1, 2 and 3 were introduced at sentencing during the testimony of U.S. Postal
Inspector Kevin Gorham.   Marisue Rouse, the mother of the three aforementioned minor victims,
also made a statement in person about the impact Snodgrass's conduct has had on her family.

Ground 2a:   Late Objections and Addendum

Counsel filed objections to the PSR the day before the sentencing hearing objecting to,
among other things, ¶¶ 18-23 and 44-47.   The Probation Office prepared an addendum based on
those objections before the hearing.   Snodgrass believes his counsel was ineffective for filing the
late objections and by failing to object to the late addendum.

Even if counsel's performance was below par by his filing late objections and failing to
object to a late addendum, Snodgrass suffered no prejudice from these deficiencies.   The
objections were well-articulated by defense counsel, addressed adequately in the addendum and
fully considered during the sentencing proceeding.   While it is true that Snodgrass did not have
seven days' notice of the addendum as provided by Federal Rule of Criminal Procedure 32(g), he
had adequate time to review it with his attorney.   In fact, the Court took a break during the
sentencing hearing to give him and his counsel time to discuss the addendum.   After the break, the

Court inquired whether Snodgrass had reviewed the addendum with his attorney, and Snodgrass had assured the Court he had.   Snodgrass has not provided any theory, much less any evidence, about how his counsel's filing earlier objections or how having an additional seven days to study the addendum would have had a reasonable probability of changing the result of the proceeding. He simply cannot show he was prejudiced by his counsel's failure to file timely objections or to object to a late addendum in response to the untimely objections.   In sum, despite these technical violations of Rule 32, Snodgrass has not shown his proceeding was unfair or constituted a miscarriage of justice.   He is not entitled to relief under § 2255 on this theory.

Ground 2b:   Failing to Object to the PSR

Snodgrass faults his counsel for failing to make an effective sentencing argument.   When a § 2255 petitioner faults his attorney for failing to present evidence or make an argument, he bears the burden of demonstrating what evidence or argument the attorney should have presented and that the presentation would have had a reasonable probability of changing the result.   *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005);   *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003).   Snodgrass faults his attorney for failing to make additional objections to the PSR, but he has not specified (other than the specific items addressed below) what other objection he could or should have made that would have had a reasonable probability of changing the result. Counsel was well within the range of competent legal counsel in the objections he raised to the PSR and in his overall representation of Snodgrass at sentencing.   Snodgrass is not entitled to relief under § 2255 on this basis.

Ground 2c:   Failure to Object Based on Hearsay and Confrontation Clause

Snodgrass believes his counsel was constitutionally ineffective because he did not object to the Government's use of hearsay, namely, Exhibits 1, 2 and 3 and interviews with Jackie

5

Snodgrass and Sue Anderson referenced in the PSR, all of which Inspector Gorham talked about in his testimony at the sentencing hearing.   Snodgrass believes the Confrontation Clause of the Sixth Amendment gives him the right to cross-examine the declarants themselves rather than just Inspector Gorham.

Snodgrass's attorney was not constitutionally ineffective for failing to object to hearsay or to argue that Snodgrass has a right under the Confrontation Clause to confront declarants at sentencing.   Such arguments have no merit.   The evidentiary rules during sentencing proceedings are not those used during criminal trials.   *See U.S. v. Johnson*, 489 F.3d 794, 796 (7th Cir. 2007).   During sentencings, due process principles require only that a court rely on information that is reliable.   *Id.* at 797;   *see* U.S.S.G. § 6A1.3(a) ("[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").   Thus, a court "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider, or the source from which it may come."   *Johnson*, 489 F.3d at 796-97.   The information a court considers may include "testimony that is totally uncorroborated and comes from an admitted liar, convicted felon, or large scale drug-dealing, paid government informant," *id.* at 797 (internal quotations omitted), and hearsay, *id.* at 796.   The Court may also consider at sentencing statements not subject to cross-examination.   The Confrontation Clause does not apply at sentencing hearings.   *See U.S. v. Roche*, 415 F.3d 614, 618 (7th Cir. 2005) (citing *Williams v. N.Y.*, 337 U.S. 241, 250-51 (1949)).   This is because, after a defendant is found guilty, those providing information to the Court are not considered "accusers" under the Confrontation Clause.   *Id.*

The arguments Snodgrass says his counsel should have made are frivolous, and his counsel

6

was therefore not deficient for failing to make them.   *See Fuller v. United States*, 398 F.3d 644,

652 (7th Cir. 2005) (defense counsel is not deficient for failing to make a frivolous or losing

argument);   *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).   Snodgrass is not entitled to

relief under § 2255 on this basis.

Ground 2d:   Failure to Object to Incomplete and Unrelated Evidence

Snodgrass believes his counsel was deficient because he failed to object to the information

described above on the grounds that it was incomplete and unrelated to the offenses with which

Snodgrass was convicted.

Snodgrass overlooks the fact that his counsel *did* argue in his second objection that the

statements of minor witnesses (memorialized in Exhibits 1 and 2), Jackie Snodgrass and Sue

Anderson (¶¶ 18-23) were not part of his offense conduct, were not proven and occurred long ago.

Nevertheless, the Court determined that the information was reliable and was related to a pattern of

sexual abuse of minors by Snodgrass, so it was relevant as specific offense conduct under U.S.S.G.

§ 2G2.2(b)(5).   Snodgrass has not identified what other argument counsel could have made that

would have had a reasonable probability of changing the Court's decision.   *See Fuller v. United*

*States*, 398 F.3d 644, 652 (7th Cir. 2005)

Snodgrass's counsel also objected in his sixth objection to the Court's consideration of

Exhibit 3 and other information about Snodgrass's legal contact with other girls (¶¶ 44-47) on the

grounds that they were not proven and were not illegal.   Nevertheless, the Court determined at

sentencing that, while this information was not relevant conduct, because of the nature of the

offense of conviction this information was worthy to be noted as part of the wide scope of

information the Court is permitted to consider, as explained in the prior section of this order.

Snodgrass has not identified what other argument his counsel could have made that would have

had a reasonable probability of changing the Court's decision on this point.   *See id.*

Snodgrass also argues that counsel was deficient for failing to object to the Court's viewing only parts of Exhibits 1 and 2 such that the declarants' statements were out of context.   Snodgrass claims Exhibit 1 actually included a description of a previous molestation by another person who the declarant confused with Snodgrass.   The record demonstrates that the entire videos were admitted into evidence, that the Government selected several key points it showed during the sentencing hearing, and that the Court called a halt to the videos when it had heard enough to satisfy itself about the reliability and content of the videos.

The Court has reviewed the entirety of Exhibits 1 and 2 and finds that, although there were statements that each declarant had been molested or raped before by another person, there is nothing at all that would have demonstrated to the Court that the declarants were confusing conduct of Snodgrass with the conduct of someone else.   Thus, even had the Court viewed the entire video at the time of sentencing, there is no reasonable probability that the Court would have changed its conclusion that Snodgrass had committed a pattern of sexual abuse of minors.

To the extent Snodgrass believes his counsel should have challenged the credibility of the declarants in Exhibits 1 and 2, he has not specified what his counsel could have said to change the Court's conclusion that Snodgrass had committed a pattern of sexual abuse of minors.

For these reasons, Snodgrass is not entitled to relief under § 2255 on this basis.

Ground 2e:   Failure to Present Evidence

Jackie Snodgrass told law enforcement officers that she had observed Snodgrass inappropriately touching his niece.   Snodgrass faults his counsel for failing to call the parents of Snodgrass's niece to testify that Snodgrass was not alone with his niece at the time Jackie Snodgrass claimed to have seen him.   He also faults his counsel for failing to introduce evidence

that Jackie Snodgrass was on drugs and had been drinking at the time she observed him.

Snodgrass suffered no prejudice from his counsel's performance in this regard.   First, Snodgrass does not even allege what the others he believes were present while he was with his niece would say if called to testify.   Thus, he cannot show the absence of their testimony was prejudicial.

Second, whether Jackie Snodgrass was correct in the minor details of her statement that she saw Snodgrass abusing his niece, i.e., who was present at the time, and whether she was under the influence of drugs or alcohol at the time of her observation would not have been sufficient to create a reasonable probability that the Court would have found Snodgrass has not committed a pattern of sexual abuse of minors.   Even without considering the incident about which Jackie Snodgrass gave information, the Court would have reached the same conclusion.   Therefore, Snodgrass suffered no prejudice from his attorney's performance.

Ground 2f:   Failure to Hire Psychological Forensic Examiner

Snodgrass says his counsel was deficient for failing to hire an expert to ask questions at sentencing.   He has not, however, specified what an expert would have been able to ask any of the witnesses that would have elicited any information that would have had a reasonable opportunity to change any of the Court's conclusions at sentencing.   Since Snodgrass has not suffered any prejudice from his counsel's failure to hire an expert, he is not entitled to relief under § 2255 for this reason.

Ground 2g:   Failure to Object to Rouse Testimony

Snodgrass believes his counsel was deficient because he did not object to the statement of Marisue Rouse at the sentencing hearing.   He believes she was not a victim of the offense of conviction, so she had no right to speak at the sentencing hearing under Federal Rule of Civil

Procedure 32(i)(4)(B).   Rule 32(i)(4)(B) provides that before imposing sentence, the Court must permit a victim to be heard.   Whether Rouse actually qualified as a victim under this rule is immaterial.   While the rule requires the Court to give a victim an opportunity to speak, it does not limit the information the Court may consider when formulating a sentence.   As noted above, the Court may consider a wide variety of reliable information before sentencing a defendant, and this wide variety can include a statement from the mother of victims of conduct that was used to enhance the offense level of the crime of conviction.   Counsel was not deficient for failing to object to Rouse's testimony, and even had he objected, the Court would have allowed Rouse to speak anyway.

Ground 2 Cumulatively

The Court has further considered the totality of counsel's deficiencies as alleged by Snodgrass and has determined that, even combined, they did not create a reasonable probability that the Court would have reached a different conclusion at sentencing.

For the foregoing reasons, the Court finds that Ground 2 does not justify § 2255 relief. The Court **ORDERS** the Government to file a response to Grounds 1 and 3 of the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.

**IT IS SO ORDERED.**
**DATED: March 28, 2013**

s/J. Phil Gilbert_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**