UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN SNODGRASS, | |
| Petitioner, | |
| v. | Civil No. 12-cv-50-JPG |
| UNITED STATES OF AMERICA, | Criminal No 09-cr-30039-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Steven Snodgrass's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded to the motion (Doc. 17), and Snodgrass has replied to that response (Doc. 20). The Court also considers Snodgrass's motions seeking an unredacted copy of his First Revised Presentence Investigation Report ("PSR"), his Initial PSR and excerpts of his counsel's objections (Docs. 2, 6 & 7), and his motion for an order directing the Bureau of Prisons to return to him unspecified documents sent by the Court and confiscated from him as contraband (Doc. 21).

**I.      Background**

On February 23, 2010, a jury found the petitioner guilty of one count of knowingly attempting to receive child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 1) and two counts of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Counts 2 and 3). The Court sentenced the petitioner to serve 360 months in prison – 240 months on Count 1 followed by 120 months on Counts 2 and 3. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on February 18, 2011, affirmed the Court's judgment. *United States v. Snodgrass*, 635 F.3d 324 (7th Cir. 2011). Snodgrass did not file a petition for a writ of *certiorari* with the United States Supreme Court.

In his pending § 2255 motion, the petitioner raises the following claims:

1.    a.    Double Jeopardy Clause violation for multiple convictions and punishments for a single offense (the two possession charges), *see United States v. Polouizzi*, 564 F.3d 142, 154-56 (2d Cir. 2009);
      b.    Ineffective assistance of counsel for failing to make the foregoing double jeopardy argument at the trial and appellate level;

2.    Ineffective assistance of counsel for:

      a.    Filing late objections and failing to object because a presentence investigation report ("PSR") addendum was filed fewer than seven days before sentencing in violation of Federal Rule of Criminal Procedure 32(g);
      b.    Failing to object to the PSR with an effective argument;
      c.    Failing to object at sentencing to hearsay evidence not subject to cross-examination in violation of the Confrontation Clause;
      d.    Failing to object at sentencing to incomplete and unrelated evidence that should not have counted toward relevant conduct;
      e.    Failing to present evidence at sentencing to challenge the credibility of witnesses giving statements in the PSR;
      f.    Failing to hire an expert psychological forensic examiner to ask questions at sentencing; and
      g.    Failing to object to statements at sentencing from a non-victim;

3.    a.    Due Process violation for the Government's failure to abide by its normal investigative procedures; and
      b.    Ineffective assistance of counsel for failing to make the foregoing due process argument at the trial and appellate level

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court rejected Ground 2 as a basis for relief under § 2255 and directed the Government to respond to Grounds 1 and 3.

With respect to Ground 1, the Government argues that, to the extent the two possession charges are multiplicitous because they encompass a single offense, Snodgrass suffered no prejudice because the 120-month sentences on those counts run concurrently with each other. However, it states that it has no objection to the Court's vacating the conviction and sentence for Count 3 and correcting the total sentence accordingly in an amended judgment without conducting

2

a new sentencing hearing.  With respect to Ground 3, the Government argues that the failure to follow the internal, unwritten investigation framework did not violate any of Snodgrass's rights, and that counsel was not constitutionally ineffective for failing to argue that it did.

In reply, Snodgrass argues that vacating Count 3 also requires recalculation of the applicable sentencing guideline range due to offense grouping rules and calls for a new sentencing hearing at which he could present different evidence.  Snodgrass further reiterates that his counsel was constitutionally ineffective for failing to seek suppression of evidence obtained by law enforcement in contravention of law enforcement policies governing investigations that would otherwise violate child pornography distribution laws.

## II. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."  *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).  The Court declines to hold a hearing on Snodgrass's motion because, as explained below, the records of the case clearly demonstrate he is entitled to limited relief on one ground and no relief on all others.

A. Ground 1: Double Jeopardy

Snodgrass argues that his Fifth Amendment right not to be punished twice for the same offense was violated when he was sentenced for Counts 2 *and* 3. Each count alleges a violation of 18 U.S.C. § 2252(a)(4)(B), which makes it a crime for anyone to possess "1 or more" items containing child pornography. Count 2 is based on the possession of a floppy disk containing child pornography, and Count 3 is based on a compact disk containing child pornography. The disks were both found in Snodgrass's residence on October 16, 2008. Snodgrass claims that both items constitute the same possession of "1 or more" items containing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

The Fifth Amendment provides, "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This prohibition prevents a court from imposing multiple punishments for the same act unless Congress intended it. *United States v. Larsen*, 615 F.3d 780, 786 (7th Cir. 2010) (citing *Missouri v. Hunter,* 459 U.S. 359, 366 (1983)). Multiplicitous charges, that is, multiple counts charging the same offense, violate this double jeopardy principle. *United States v. Snyder*, 189 F.3d 640, 646-47 (7th Cir. 1999); *see Larsen*, 615 F.3d at 786.

Snodgrass's argument is based on *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009), and other similar cases. *Polouizzi* held that possession of a collection of child pornography is a single unit of possession under 18 U.S.C. § 2252(a)(4)(B) that cannot support multiple convictions for possession of parts of that collection. *Id.* at 155. The Second Circuit Court of Appeals noted that Congress used the phrase "1 or more" items containing child pornography in 18 U.S.C. § 2252(a)(4)(B), and provided an affirmative defense if the defendant possessed less than three items, 18 U.S.C. § 2252(c). *Polouizzi*, 564 F.3d at 154-55. Based on this language, the court

4

concluded that Congress intended to subject simultaneous possession of multiple items containing child pornography to only one conviction under 18 U.S.C. § 2252(a)(4)(B):

> The language "1 or more," 18 U.S.C. § 2252(a)(4)(B), indicates that a person commits one violation of the statute by possessing more than one matter containing a visual depiction of child pornography. Thus, unlike the word "any," which "has 'typically been found ambiguous in connection with the allowable unit of prosecution,' for it contemplates the plural, rather than specifying the singular," *United States v. Coiro,* 922 F.2d 1008, 1014 (2d Cir. 1991) (quoting *United States v. Kinsley,* 518 F.2d 665, 668 (8th Cir. 1975)), the phrase "1 or more" specifies the plural. Thus, the plain language of the statute provides that a person who possesses "1 or more" matters containing a prohibited image has violated the statute only once. *See United States v. Kimbrough,* 69 F.3d 723, 730 (5th Cir. 1995) (considering the prior version of § 2252(a)(4)(B) and holding that "the plain language of the statute's requirement that a defendant possess 'three or more' items indicates that the legislature did not intend for this statute to be used to charge multiple offenses.").
>
> Further, the statute provides an affirmative defense to "*a* charge of violating [§ 2254(a)(4)]" if the defendant, *inter alia,* "possessed less than three matters containing [prohibited images]." 18 U.S.C. § 2252(c)(1) (emphasis added). Such a defense necessarily contemplates that a person who possessed two matters containing prohibited images would face a single charge of violating § 2252(a)(4)(B).

*Polouizzi*, 564 F.3d at 155 (emphasis and brackets in original). The Seventh Circuit Court of Appeals has not expressed an opinion on the matter.

The Court finds *Polouizzi* persuasive and, for the reasons set forth therein, finds that Snodgrass's possession of the items serving as the basis for his convictions on Counts 2 and 3, which he possessed at the same time and in the same residence, cannot serve as the basis for two separate convictions under 18 U.S.C. § 2251(a)(4)(B). In the case of multiplicitous charges, the Government may elect which multiplicitous count to vacate, *see United States v. Maldonado-Rivera*, 922 F.2d 934, 982 (2d Cir. 1990), and here it has elected Count 3. For this reason and in light of the lack of a Government objection to vacating Count 3 in this case, the Court will grant Snodgrass's § 2255 motion in part and will vacate Count 3.

5

However, Snodgrass is not entitled to a new sentencing hearing because the Court can completely correct the judgment without further in-court proceedings. *See* 28 U.S.C. § 2255(b). Snodgrass has already had an adequate opportunity to present his arguments regarding his sentence. Furthermore, the PSR's findings are still applicable since Snodgrass's guideline range remains the same even without his conviction on Count 3. In the PSR, Counts 1, 2 and 3 were grouped together, U.S.S.G. § 3D1.2(d)[1], and the base offense level – 22 – was driven by Count 1, U.S.S.G. § 2G2.2(a)(2), not Count 3. The reduction and enhancements applied at his original sentencing still apply, so his total offense level remains 38 even without the Count 3 conviction, and his criminal history category of I has not changed. Therefore, the sentencing range of 235 to 293 months still applies, tempered by the statutory maximum of 120 months for Count 2, *see* U.S.S.G. § 5G1.1(a); 18 U.S.C. § 2252(b)(2). The Court further finds that the reasons for Snodgrass's original sentence of 240 months on Count 1 and a consecutive sentence of 120 months on Count 2 still apply (Doc. 88). The Court will reduce the special assessment by $100, from $300 to $200, and the fine by $300, from $900 to $600, to reflect the vacated conviction for Count 3. Thus, a new sentencing proceeding would be pointless.

    B.    <u>Ground 3: Failure to Follow Investigation Procedures</u>

Snodgrass argues his entire conviction should be vacated because law enforcement agents did not follow their standard protocol for investigating possessors of child pornography in "Operation Joint Hammer," and counsel failed to ask for suppression of evidence based on that protocol violation. Specifically, Snodgrass claims that law enforcement (1) recontacted him beyond the standard two-week time frame for following up with investigation targets who did not immediately respond after being sent a catalog of purported child pornography available for

---

[1] All references to the United States Sentencing Guidelines Manual are to the 2009 version.

purchase, and (2) did not observe the standard practice of visiting targets who did not respond to the catalog (a "knock and talk"). In Snodgrass's case, law enforcement did not follow up with Snodgrass after sending him a catalog because he "fell through the cracks" during a transition between investigators. Several months later, investigators reestablished contact with Snodgrass when he contacted them about a child pornography order he had placed from the catalog. Law enforcement never conducted a "knock and talk" with Snodgrass. During the trial, Snodgrass's attorney cross-examined law enforcement officers about their failure to follow the protocol. In his reply, Snodgrass faults law enforcement for selling child pornography outside the rules established to allow such sales as part of a legitimate investigation in violation of the Department of Justice's guidelines for undercover FBI operations.

In support of his position, Snodgrass cites *Rinaldi v. United States*, 434 U.S. 22 (1977), which involved the "*Petite* policy," the United States Department Justice's written policy prohibiting successive state and federal prosecutions for the same crime except in certain circumstances. *See Petite v. United States*, 361 U.S. 529 (1960) (*per curiam*). In *Rinaldi*, the Government had violated this policy and, after the defendant's federal conviction, had asked the district court dismiss the indictment. *Rinaldi*, 434 U.S. at 24-25. The district court refused, *id.* at 25, but the Supreme Court reversed that decision, finding that the defendant "should receive the benefit of the policy whenever its application is urged by the Government," *id.* at 31. However, the most *Rinaldi* may stand for is that, where the Government wants to apply an internal policy in good faith to benefit a defendant, the court should not stand in the way.

Despite *Rinaldi*, it is clear that internal prosecutorial guidelines do not create substantive rights that defendants may enforce or that the Court may review. *United States v. Fletcher*, 634 F.3d 395, 405 (7th Cir.), *cert. denied*, 132 S. Ct. 398 (2011). *Rinaldi* is distinguishable because

7

there, unlike the case at bar, the Government had confessed a policy violation and had requested dismissal, but the district court refused its request. Where the Government does not ask that a sentence be vacated because of its own policy violation, the defendant has no grounds to make the request himself. In the absence of any independent constitutional violation accomplished by the policy violation – and Snodgrass has pointed to none – the policy violation alone cannot serve as the basis for relief under § 2255.

Nor can it be shoehorned in under an ineffective assistance of counsel argument. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were

fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

Here, a request from Snodgrass's counsel to suppress evidence based on law enforcement's failure to follow up with Snodgrass within two weeks after sending him a child pornography catalog or for failing to conduct a "knock and talk" after he did not immediately order anything from the catalog would have been meritless for the reasons explained above. Counsel is not deficient for failing to raise a meritless argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (defense counsel is not deficient for failing to make a frivolous or losing argument); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). Additionally, Snodgrass suffered no prejudice from his counsel's performance because the Court would have rejected any such motion.

For these reasons, Snodgrass is not entitled to § 2255 relief on Ground 3.

C. Other Motions

The Court will deny Snodgrass's motions seeking an unredacted copy of his First Revised PSR, his Initial PSR and excerpts of his counsel's objections (Docs. 2, 6 & 7). Those documents were not necessary to the disposition of the arguments Snodgrass raised in this motion.

The Court will also deny Snodgrass's motion for an order directing the Bureau of Prisons to return to him unspecified documents sent by the Court and confiscated from him as contraband (Doc. 21). The Court is aware that, for security reasons, the Bureau of Prisons places restrictions on the documents an inmate may possess while in prison. The Court is not in a position to second-guess prison policies regarding security, especially in light of the fact that Snodgrass has not informed the Court of the nature of the documents confiscated and their relevance to this case.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Snodgrass's § 2255 motion (Doc. 1) to the extent it requests vacating the sentence imposed for Count 3;

- **VACATES** the judgment in Snodgrass's criminal case (Doc. 87; Case No. 09-cr-30039-JPG);

- **DIRECTS** the Clerk of Court to enter an amended judgment in Snodgrass's criminal case (Case No. 09-cr-30039-JPG) immediately upon vacating the original judgment. The amended judgment shall reflect a guilty finding only on Counts 1 and 2 of the Second Superseding Indictment; shall impose a total sentence of 360 months (240 months on Count 1 and 120 months on Count 2 to be served consecutively); shall assess a special assessment of $200 ($100 on each of Counts 1 and 2); shall impose a fine of $600; shall omit reference to any punishment for Count 3; and shall in all other respects be identical in substance to the original judgment;

- **DIRECTS** the Clerk of Court to reapply any amounts received on behalf of Snodgrass to payment in full of the $200 special assessment and any remaining amounts received to payment of the $600 fine. Any amounts received over $800 shall be returned to Snodgrass;

- **DIRECTS** the Clerk of Court to file a copy of this order and the judgment in this case in Snodgrass's criminal case (Case No. 09-cr-30039-JPG); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly in this case.

Nothing in this order shall be construed to authorize release of Snodgrass from Bureau of Prisons custody.

**IT IS SO ORDERED.**
**DATED: November 19, 2013**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**