UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN SNODGRASS,<br><br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 12-cv-50-JPG<br><br>Criminal No 09-cr-30039-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Steven Snodgrass's motion for an extension of time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5) or to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) (Doc. 44).

The Court entered final judgment partially adverse to and partially in favor of Snodgrass on November 20, 2013 (Docs. 22 & 23). It did not include a decision in the final order whether to issue a certificate of appealability as required by Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court expressly declined to issue a certificate of appealability on January 31, 2014 (Doc. 29), the day after Snodgrass placed into the prison mail system his first notice of appeal (Doc. 25). It and a later filed second notice of appeal (Doc. 30) were filed after the 60-day appeal period for civil cases against the United States had expired. *See* Fed. R. App. P. 4(a)(1)(B). In May and June 2014, respectively, the Court of Appeals for the Seventh Circuit dismissed the appeals for lack of jurisdiction since the notices of appeal were untimely. It noted in both orders that the District Court had not extended the time for filing a notice of appeal. On January 27, 2015, Snodgrass placed into the prison mail system the pending motion, which was docketed on February 2, 2015.

In his motion, Snodgrass asks the Court to extend or reopen his period for filing a notice of

appeal. He argues that he was confused because the Court's order granting his § 2255 motion did not contain a decision on the issuance of a certificate of appealability as required by Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. He states that he believed the order was not a final decision until the certificate of appealability issue was decided, which did not occur until January 31, 2014. Thus, he was under the mistaken impression his appeal period began running on January 31, 2014, when the Court issued the final mandatory component of its judgment, rather than November 20, 2013, when the final order and judgment were entered.

Federal Rule of Appellate Procedure 4 sets forth the timing rules relating to notices of appeal. Rule 4(a)(1)(B) provides that, in a civil case against the United States, the notice of appeal must be filed within 60 days of entry of the order from which the appeal is taken. The Court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). If these conditions are met, the Court may extend the deadline the longer of either (1) 30 days beyond the original 30-day period or (2) 14 days after the order granting the extension. Fed. R. App. P. 4(a)(5)(C). Even where both conditions are satisfied, the decision to extend the deadline is at the Court's discretion. *See Garwood Packaging, Inc. v. Allen & Co.*, 378 F.3d 698, 700 (7th Cir. 2004).

Snodgrass fails to satisfy the timing requirement for moving to extend the time to file a notice of appeal. Such a motion must be filed within 30 days after the original appeal period expires, or 90 days after entry of the judgment in this case. That deadline was February 18, 2014.

Snodgrass' January 27, 2015 motion is too late. Even if Snodgrass' theory about when the judgment in this § 2255 case became final and appealable had been correct and the judgment had become final on January 31, 2014, his deadline for moving to extend the appeal period was May 1, 2014, and his January 27, 2015 motion is still too late.

Alternatively, Snodgrass asks the Court to reopen the time for him to file an appeal. If a party fails to file a notice of appeal within the original appeal period or any extension granted under Rule 4(a)(5), the Court may reopen the time to file a notice of appeal if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Federal Rule of Civil Procedure 77(d)(1) requires the Clerk of Court to serve notice of the entry of judgment immediately after it is entered on each non-defaulted party. The 21-day period in Rule 4(a)(6)(A) runs from *receipt* of the notice, not *service*. *See Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012).

Snodgrass' motion does not satisfy the requirements for reopening the appeal period. First, he makes no suggestion he did not receive notice of the entry of the Court's November 20, 2013, order and judgment within 21 days of their entry. Additionally, his motion was filed more than 180 days after November 20, 2013 – or January 31, 2014, Snodgrass' proffered date – and more than 14 days after Snodgrass received notice of entry of the order and judgment. It is clear that he had received the order and judgment by January 30, 2014, since he attached copies of the documents to his first notice of appeal. His January 27, 2015, motion is simply too late.

The Court has also considered whether it erred in failing to construe either of Snodgrass' notices of appeal as requests to extend or reopen the appeal period (Docs. 25 & 30).   After careful review, the Court has determined that Snodgrass did not ask for such relief in either document.

For these reasons, the Court **DENIES** Snodgrass' motion for an extension of time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5) or to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) (Doc. 44).

**IT IS SO ORDERED.**
**DATED: February 5, 2015**

        s/J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**