UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN SNODGRASS,<br><br>        Petitioner,<br><br>             v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil No. 12-cv-50-JPG<br><br>Criminal No 09-cr-30039-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Steven Snodgrass's motion to vacate the judgment in this § 2255 case pursuant to Federal Rule of Civil Procedure 60(d)(3) (Doc. 48). In his motion, he argues that the Government committed fraud on the Court when it commenced the underlying criminal proceedings against him because it did not own the property on which Snodgrass committed his crime and that his conviction should therefore be vacated. In response, the Government asks the Court to dismiss Snodgrass' motion for lack of jurisdiction because the motion is an unauthorized second or successive petition (Doc. 49). The Government is correct that the Court does not have jurisdiction to entertain Snodgrass' pending motion.

A post-judgment motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816.

Snodgrass' pending motion asserts a new ground for relief from his conviction and is

therefore a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Snodgrass' motion. Accordingly, the Court **GRANTS** the Government's motion to dismiss (Doc. 49) and **DISMISSES** Snodgrass' motion (Doc. 48) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED: April 21, 2015**

                                                          s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**