UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN SNODGRASS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 12-cv-50-JPG<br><br>Criminal No 09-cr-30039-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Steven Snodgrass' motion for leave to proceed on appeal *in forma pauperis* (Doc. 57) and motion for clarification of the record (Doc. 58). The Court also considers the propriety of granting a certificate of appealability for the pending appeal. Snodgrass has appealed the Court's May 15, 2015, order (Doc. 55) dismissing as an unauthorized second or successive § 2255 petition Snodgrass' motion (Doc. 53) to alter or amend the Court's April 21, 2015, order (Doc. 51) dismissing his motion to vacate pursuant to Federal Rule of Civil Procedure 60(d)(3) (Doc. 48).

## I. Motion for Leave to Proceed on Appeal *In Forma Pauperis* (Doc. 57)

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Snodgrass has not provided a current copy of his prison trust fund account for the Court to

determine whether he is indigent.   Furthermore, the Court believes it is not reasonably arguable on the merits that Snodgrass' motion to alter or amend was not an unauthorized second or successive § 2255 petition.   Accordingly, the Court **DENIES** Snodgrass' motion for leave to proceed on appeal *in forma pauperis* (Doc. 57).

## II.     Motion for Clarification (Doc. 58)

In his motion for clarification, Snodgrass asks the Court to clarify to which document it refers when it cites Doc. 50.   Apparently Snodgrass does not have a copy of the docket sheet and does not know what Doc. 50 is.   The Court **GRANTS** the motion (Doc. 58) and **DIRECTS** the Clerk of Court to send Snodgrass a copy of the docket sheet in this § 2255 case.

## III.     Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), the Court construes Snodgrass' notice of appeal (Doc. 56) as a request for a certificate of appealability.   *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   A § 2255 petitioner may not proceed on appeal without a certificate of appealability.   28 U.S.C. § 2253(c)(1); *see Ouska*, 246 F.3d at 1045.   A certificate is required even for cases in which the court dismissed an unauthorized second or successive collateral attack for lack of jurisdiction.   *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045.   To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."   *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282;   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of

appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

The Court finds that no reasonable jurist could debate whether Snodgrass' motion to alter or amend should have been resolved in a different way or whether the issue he presented was adequate to deserve encouragement to proceed further.   Accordingly, the Court **DECLINES** to issue a certificate of appealability.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals in connection with Snodgrass' May 29, 2015, notice of appeal (Doc. 56).

**IT IS SO ORDERED.**
**DATED: June 2, 2015**

<div style="text-align:center">

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

</div>

3