UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN SNODGRASS<br>,<br><br>Defendant. | Case No. 09-cr-30039-JPG |
| STEVEN SNODGRASS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 12-cv-00050-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant/Petitioner Steven Snodgrass's Motion Alleging a Jurisdictional Flaw (Case No. 09-cr-30039, Doc. 173; Case No. 12-cv-50, Doc. 93) and Motion for Rule 32, Rule 12 (Case No. 09-cr-30039, Doc. 174; Case No. 12-cv-50, Doc. 94).

Both motions are an attempt by Snodgrass to vacate his sentence, which makes them § 2255 motions. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). These are not Snodgrass's first § 2255 motions. *See e.g.*, *Snodgrass v. United States*, No. 3:12-cv-00050-JPG (S.D. Ill. Nov. 20, 2013); *Snodgrass v. United States*, No. No. 3:12-cv-00050-JPG (S.D. Ill. May 15, 2015). For the Court to consider successive petitions, the Seventh Circuit Court of Appeals must certify the successive petitions pursuant to 28 U.S.C. §

2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). It has not done so. As such, the Court does not have jurisdiction to entertain the pending § 2255 motions. Accordingly, the Court **DISMISSES** Snodgrass's Motion Alleging a Jurisdictional Flaw (Case No. 09-cr-30039, Doc. 173; Case No. 12-cv-50, Doc. 93) and Motion for Rule 32, Rule 12 (Case No. 09-cr-30039, Doc. 174; Case No. 12-cv-50, Doc. 94). The Court **DIRECTS** the Clerk of Court to file any future motions tendered by Snodgrass only in No. 09-cr-30039 unless otherwise ordered by the Court.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to Snodgrass. A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that Snodgrass has not made such a showing. As such, it **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED**: **October 22, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**